**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GAIL GALLOWAY,** | : | |
| | : | **Civil No. 1:15-CV-1007** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **KATHLEEN KANE,  et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This case, which comes before the court for an initial screening review, is a *pro se, in forma pauperis* action brought by Gail Galloway against the various state law enforcement officials who are currently prosecuting Galloway on state drug trafficking charges. (Doc. 1.) In his *pro se* complaint, Galloway recited that he has been arrested, and is being prosecuted for these drug offenses. (Id.) The docket of Galloway's state case confirms that there are currently open and unresolved state drug charges pending against the plaintiff. Commonwealth v. Galloway, No. CP-31-CR-0000172-2015. Citing alleged misconduct in this state criminal investigation, Galloway asserts that he has been subjected to malicious prosecution and false arrest. (Id.) Galloway then sues the defendants both for civil rights violations and for alleged racketeering, seeking $250,000 in damages from each defendant. (Id.) Notably absent, however,

from Galloway's civil rights lawsuit is any allegation that the plaintiff's state case has been resolved in his favor. Quite the contrary, the docket of that case plainly reveals it to be a pending criminal prosecution.

Along with his complaint, Galloway has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT the motion for leave to proceed *in forma pauperis*, but recommend that this complaint be dismissed without prejudice to the filing of an amended complaint which would endeavor to address the deficiencies cited in this Report and Recommendation.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the

action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally

a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged."   Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be

> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis.  First, the
> factual and legal elements of a claim should be separated.  The District
> Court must accept all of the . . .  well-pleaded facts as true, but may
> disregard any legal  conclusions.  Second, a District Court must then
> determine whether the facts alleged . . .  are sufficient to  show that the
> plaintiff has a "plausible claim for relief."  In other words, a complaint
> must do more than allege the p[arty's] entitlement to relief.  A complaint
> has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Galloway's complaint is fatally flawed in the following respects and should be dismissed.

### B.    We Should Abstain for Interfering with This On-going State Criminal Case

At the outset, this complaint seemingly invites us to intervene in what is an on-going state criminal case.  We should decline this invitation since this *pro se* pleading

runs afoul of a settled tenet of federal law, the <u>Younger</u> abstention doctrine. The <u>Younger</u> abstention doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "<u>Younger</u> abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." <u>Kendall v. Russell</u>, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir.2005) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the <u>Younger</u> doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise federal claims.  Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion.  Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004).  Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases.  Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, the plaintiff's *pro se* complaint reveals that all of the legal prerequisites for Younger abstention are present here.  First, it is evident that there are state proceedings in this case.  Second, it is also apparent that those proceedings afford Galloway a full and fair opportunity to litigate the issues raised in this lawsuit in this state case.  See Sullivan v. Linebaugh, 362 F. App'x 248, 249-50 (3d Cir. 2010).  Finally, it is clear that the state proceedings implicate important state interests, since these matters involve state criminal law enforcement, an issue of paramount importance to the state.  See, e.g., Lui v. Commission on Adult Entertainment

Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interest in enforcement of its criminal laws, and recognizing that the state courts are prepared to fully address the merits of these matters, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

### C. Galloway May Not Bring a Civil Rights Action for Malicious Prosecution Until the State Case Has Been Resolved in a Fashion Which is Favorable to the Plaintiff

In addition, this complaint fails because it rests on a fatally flawed legal premise. At bottom, Galloway seeks to bring a civil rights action premised on claims of malicious prosecution without showing that his state criminal case has been resolved in a fashion which was favorable to the plaintiff.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights malicious prosecution claim is that the underlying criminal case must

have been terminated in favor of the civil rights claimant.  Therefore, where, as here,

the civil rights plaintiff brings a malicious prosecution or false arrest claim in a setting

where he has not achieved a favorable outcome in the underlying state case, the

plaintiff's claim fails as a matter of law.  The United States Court of Appeals for the

Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates
> a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994)
> (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299,
> 305(1986) (internal quotation marks omitted)).  Given this close relation
> between § 1983 and tort liability, the Supreme Court has said that the
> common law of torts, "defining the elements of damages and the
> prerequisites for their recovery, provide[s] the appropriate starting point
> for inquiry under § 1983 as well." Heck, 512 U.S. at 483 (quoting Carey
> v. Piphus, 435 U.S. 247, 257-58,(1978)).  The Supreme Court applied
> this rule in Heck to an inmate's § 1983 suit, which alleged that county
> prosecutors and a state police officer destroyed evidence, used an
> unlawful voice identification procedure, and engaged in other
> misconduct.  In deciding whether the inmate could state a claim for those
> alleged violations, the Supreme Court asked what common-law cause of
> action was the closest to the inmate's claim and concluded that
> "malicious prosecution provides the closest analogy ... because unlike the
> related cause of action for false arrest or imprisonment, it permits
> damages for confinement imposed pursuant to legal process." Heck, 512
> U.S. at 484.  Looking to the elements of malicious prosecution, the court
> held that the inmate's claim could not proceed because one requirement
> of malicious prosecution is that the prior criminal proceedings must have
> terminated in the plaintiff's favor, and the inmate in Heck had not
> successfully challenged his criminal conviction. Id.

Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000).

Thus, "our precedents are clear that § 1983 plaintiffs alleging arrest and

prosecution absent probable cause may bring malicious prosecution claims under the

Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted.   Hector v. Watt, 235 F.3d 154, 156 (3d Cir.2000)." Washington v. Hanshaw, 13-1116, 2014 WL 67887 (3d Cir. Jan. 9, 2014)  Therefore, "a plaintiff claiming malicious prosecution must prove *actual* innocence as an element of his *prima facie* case." Steele v. City of Erie, 113 F. App'x 456, 459 (3d Cir. 2004). In this case it is evident from Galloway's complaint that his prior state criminal prosecution did not terminate favorably for him, since that case is still pending.  In the absence of such a favorable termination of the state criminal case, this federal civil rights malicious prosecution lawsuit cannot proceed.  In short, this complaint is based upon the fundamentally flawed legal premise that Galloway can sue the state for malicious prosecution even though he has not prevailed in the underlying state case. Since this premise is simply incorrect, Galloway's complaint fails as a matter of law.

### D.    The Plaintiff's Claim for A Specific Amount of Unliquidated Damages is Improper

Finally, we note that Galloway's demand for specified compensatory damages from the defendants in the amount of $250,000, from each defendant, is inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the court to review pleadings and provides that the court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).

Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984).   In this case, the plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that:  "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*   The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other."  Local Rule 8.1 (emphasis added).  Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

### F.    The Complaint Should be Dismissed Without Prejudice

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Galloway has not

alleged facts that would state a claim upon which relief may be granted, and it appears that he may be unable to do so.  Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Galloway attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III.   Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED , but IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by the plaintiff to timely allege facts in an amended complaint which might state a claim upon which relief may be granted, provided that the plaintiff acts within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed

findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of May 2015.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge