### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAIL GALLOWAY,** | : | **CIVIL ACTION NO. 1:15-CV-1007** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KATHLEEN KANE**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 29th day of June, 2015, upon consideration of the report

(Doc. 5) of Chief Magistrate Judge Martin C. Carlson, recommending the court

grant *pro se* plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis*, but

dismiss plaintiff's complaint (Doc. 1) for failure to state a viable claim, see 28 U.S.C.

§ 1915(e)(2)(B)(ii) (providing that "the court shall dismiss the case at any time if the

court determines that . . . the action . . . fails to state a claim on which relief may be

granted"), and following an independent review of the record, the court in

agreement with Judge Carlson that plaintiff's civil rights claims are barred by the

abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), and also by

the claim preclusion doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), and further

in agreement that plaintiff's request for a specific amount of unliquidated damages

must be stricken for violation of the Local Rules of Court, see L.R. 8.1 (providing

that the complaint "shall not claim any specific sum where unliquidated damages

are involved"), and it appearing that plaintiff did not object to the report, and that

there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194

(3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of

*de novo* review at the district court level"), it is hereby ORDERED that:

1.      The report (Doc. 5) of Chief Magistrate Judge Carlson is ADOPTED.

2.      Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3.      Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice.

4.      Plaintiff is granted leave to amend his pleading within twenty (20) days of the date of this order.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

5.    Any amended pleading filed pursuant to paragraph 4 shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 1) hereinabove dismissed.

6.    Any appeal from this order is deemed to be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).


                              /S/ CHRISTOPHER C. CONNER
                              Christopher C. Conner, Chief Judge
                              United States District Court
                              Middle District of Pennsylvania